UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHARLENE MORISSEAU,

                Plaintiff,

      -against-                                 06 Civ. 13255 (LAK)

DLA PIPER, etc., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

        Charlene Morisseau
        *Plaintiff* Pro Se

        Betsy Plevan
        Edward Brill
        PROSKAUER & ROSE LLP
        *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff in this employment discrimination action suffered the entry of summary judgment dismissing the case, a judgment that was upheld on appeal by the Second Circuit.[1] Defendants obtained a judgment for costs and commenced supplementary proceedings to enforce

---

[1] *Morisseau v. DLA Piper,* 532 F. Supp.2d 595 (S.D.N.Y. 2008), *aff'd,* ___ Fed.Appx. ___, 2009 WL 4432374 (2nd Cir.2009).

that judgment.[2]  In the course of those supplementary proceedings, they served plaintiff with an information subpoena.[3]

Plaintiff ignored the information subpoena, so defendants moved for an order to compel compliance.[4]  Plaintiff did not oppose the motion, which was granted on March 26, 2010. That order (the "March 26 Order") directed plaintiff to comply with the subpoena on or before April 5, 2010.[5]  Defendants subsequently moved to hold plaintiff in contempt of court and for sanctions for plaintiff's failure to comply with the March 26 Order (the "Contempt Motion").[6]  Plaintiff now moves to stay the Contempt Motion.[7]

Plaintiff argues principally that consideration of the Contempt Motion would be inappropriate because she "has filed a notice of appeal of the . . . March 26th order" in consequence of which this Court no longer has jurisdiction.[8]  She is mistaken.

---

[2] *See* FED. R. CIV. P. 69(a).

[3] An information subpoena is a device available under N.Y. CPLR 5224, which is applicable here under FED. R. CIV. P. 69(a)(2).

[4] DI 271.

[5] DI 281.

[6] DI 286.

[7] DI 288.

[8] DI 288, ¶¶ 4-5.

She argues also that consideration of the Contempt Motion should be stayed pending an appeal by her in another case. [DI 288, ¶¶ 8-9]  The other case, also styled *Morisseau v. DLA Piper LLP,* No. 10 Civ. 0156 (LAK), was dismissed earlier this year.  An appeal from the judgment of dismissal is pending in the Court of Appeals.  No. 10-1110-cv.  This Court sees no rational connection between the Contempt Motion in this case and the pendency of the appeal in the

To be sure, "the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[9] The objective of the rule, however, is to promote efficiency by preventing two courts from addressing the same matter at the same time.[10] And the rule has no bearing here for two independent reasons.

First, plaintiff is obliged by law to comply with the March 26 Order unless and until it is stayed or reversed,[11] neither of which has occurred. The Contempt Motion seeks to force her to comply. There is no inconsistency between this Court enforcing an order that remains in full force and effect notwithstanding plaintiff's appeal from that order. Accordingly, the filing of the notice of appeal did not oust this Court of jurisdiction to act on the Contempt Motion.

Second, the March 26 Order was not appealable in the first place because it was not a final judgment. While the concept of finality is broader in post-judgment than in pre-judgment proceedings,[12] the limits of that greater liberality are suggested by the principle that post-judgment

---

other.

[9] *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, (1982); *United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996)

[10] *See, e.g., id.* at 251.

[11] "[A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. " *Maness v. Meyers,* 419 U.S. 449, 459 (1975).

[12] *See generally, e.g.,* 15B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3916 (2d ed. 2010).

proceedings are treated as a separate lawsuit for purposes of appellate jurisdiction.[13]  Hence, an order in post-judgment enforcement proceedings is appealable only if that order winds up those proceedings.[14]

        The March 26 Order was merely a discovery order.  Further proceedings to enforce the judgment, including the Contempt Motion, are pending or obviously in view.  Accordingly, it was not appealable.[15]  And the principle that the filing of a notice of appeal divests the district court of jurisdiction does not apply in the case of attempted appeals from plainly non-appealable orders.[16]

        Nor would plaintiff have fared any better if she had moved for a stay of the March 26 Order pending appeal.  In evaluating such a request, a court considers "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest."[17]  Here, plaintiff has no likelihood of success on appeal because the order appealed from is not appealable, was not even opposed by plaintiff, and in any case was entirely appropriate.  Plaintiff has shown no threat of irreparable injury if she were to respond to the information subpoena.  Defendants surely have a significant interest in collecting their judgment.  And no public interest cuts in favor of a stay pending appeal.  Accordingly, even

---

[13] *Solis v. Current Development Corp.,* 557 F.3d 772, 775 (7th Cir. 2009); *SEC v. Suter,* 832 F.2d 988, 990 (7th Cir. 1987).

[14] *Id.*

[15] *See Resolution Trust Corp. v. Ruggiero,* 987 F.2d 420, 421 (7th Cir. 1993) (civil contempt order entered to enforce compliance with a post-judgment discovery order not appealable).

[16] *Rodgers,* 101 F.3d at 251-52; *accord, Holmes v. Nat'l Broadcasting Co.,* 133 F.3d 907 (table), 1997 WL 829305, at *1 (2d Cir. 1997).

[17] *Mohammed v. Reno,* 390 F.3d 95, 100 (2d Cir. 2002); *accord, Thapa v. Gonzales,* 460 F.3d 323, 334 (2d Cir. 2006).

5

if the present motion were treated as one for a stay pending appeal, it would be entirely without merit.

In addition to the foregoing, the Court notes that plaintiff's motion was not accompanied by a memorandum of law as required by S.D.N.Y. Civ. R. 7.1. As plaintiff's failure to comply with Rule 7.1 in the past has been brought to her attention more than once, this failure plainly was willful. Accordingly, her present motion is denied on the independent and alternative ground of her willful non-compliance with the Rule, an outcome specifically referred to therein.

Plaintiff's motion to stay the Contempt Motion [DI 288] is denied.

SO ORDERED.

Dated:      April 27, 2010

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)